## EDWARD PURCELL ET AL.
### V.
## THE TOWN OF BEAR CREEK.

*Principal and Surety—Town Supervisor—Action on Bond of—Sec. 102, Chap. 139, Starr & C. Ill. Stats.—Levy by Auditor.*

1. The fact that under the terms of the bond of a township supervisor, he is required merely to perform his official duties "to the best of his skill and ability," will not excuse him for a misapplication of money. He must be held to know the law, and if in doubt, must obtain an adjudication that will protect him.

2. A board of town auditors has no power, under any circumstances, to ratify an illegal appropriation of town funds, and such ratification can not bind the town.

3. The payment of taxes irregularly levied amounts to a ratification, and such irregularity can not justify the keeping or misapplying of the money so raised, by a township supervisor.

4. In the case presented, this court holds that the amount in question was wrongfully paid to the county treasurer by the township supervisor, and that the judgment for the plaintiff in an action on the official bond of such officer can not be interfered with.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Christian County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. A. THORNTON and J. C. McBRIDE, for appellants.

Messrs. W. M. PROVINE and J. G. DRENNAN, for appellee.

WALL, J.   This was an action of debt on the official bond of Purcell, as supervisor of the town of Bear Creek.   The case was tried by the court, a jury being waived, and judgment was rendered for the plaintiff for the penalty of the bond to be discharged on payment of $1,382.82 and costs of suit.

The material facts in the case are, that the town of Bear Creek, on the 31st of December, 1881, issued its bonds, ten in number, for $1,000 each, due ten years after date, with the option of paying at the end of any year after two years, and registered the same in the office of the auditor of public accounts, which bonds were issued to refund certain indebtedness incurred by the town in aid of a railroad; that on the 1st of September, 1885, the board of town auditors levied a tax to pay two of the bonds, Nos. 5 and 6, the prior numbers having been paid in the same way; that said levy was certified to the county clerk, by the clerk extended on the tax books, was collected by the town collector, by him paid over to Duncan, who was then supervisor, by him paid to Purcell, his successor, and by him paid to White, the county treasurer.

Appellant contends that the board of town auditors had no right to make the levy, that the supervisor had no right to receive the money and that in any event his payment of it to the county treasurer was a full discharge of his liability in respect thereto.

The main point made by appellant seems to be that the power to make a levy for the payment of these bonds was vested in the auditor of public accounts and not in the township authorities.   From an examination of the statutory provisions cited by counsel, we are unable to say that the auditor is authorized to make such levy in any case except where the obligation has matured and there is a present liability of the

Purcell v. Town of Bear Creek.

town therefor. Where the town is not yet bound to pay but seeks merely to exercise its option to do so, there seems to be no authority conferred upon the auditor to take any action whatever.

It is urged, however, that if this be so, and if, in any event, the board of town auditors might make such levy, it was a prerequisite that the town, by a vote of the electors at a regular town meeting, should have declared in favor of exercising the privilege of paying before due, and that the town officers constituting the board had no power to thus act for the electors.

We are disposed to hold that the supervisor can not be heard to make this objection after having received the money.

Conceding that the electors might object to such action of the board and might refuse to abide by it, yet if they ratify it in the very practical way of paying the tax so levied, there is but a mere irregularity which could not be pleaded by the supervisor as a justification for keeping or misapplying the money so raised.

If, then, the tax was levied properly or must be so regarded in this instance, was it properly paid over to the supervisor by the town collector?

By Sec. 102, Chap. 139, Starr & C. Ill. Stats., it is provided:
" The supervisor shall receive and pay out all moneys raised therein for defraying town charges and he shall prepare and file with the town clerk a full statement of the financial affairs of the town, showing the amount of tax levied the preceding year for the payment of town indebtedness and charges, the amount paid out by him including amount paid out on town indebtedness, specifying the nature and amount of said indebtedness and the amount paid thereon, how much on principal and how much on interest account; the amount and kind of all outstanding indebtedness due and unpaid, and the amount and kind of indebtedness not yet due and when the same will mature."

The question arises whether the payment of these bonds, under the circumstances here disclosed, is a town charge.

The liability of the town for the bonds is not disputed nor

is it disputed that the town had the right to pay after the expiration of two years and before the expiration of ten years when it could be compelled to pay. For the purposes of this case it may be assumed that the town has availed itself of this right and it must follow that it has the power to do what is necessary to that end.

It seems reasonably clear that a town charge thereby arises and that the money to defray it must, in the absence of any statutory provision specifically directing otherwise, be paid to the supervisor and by him should be paid out upon the debt.

We find no statutory provisions requiring or authorizing the supervisor to pay to the county treasurer and such payment would therefore constitute no defense.

It is urged that the board of town auditors approved the report of the supervisor showing that the money was paid to the treasurer and thereby the payment was rendered valid. The board had no power under any circumstances to ratify an illegal appropriation of town funds and their action in this respect does not bind the town.

Finally, it is urged that the bond sued on is not in the statutory form and that it merely requires the supervisor to perform his official duties "to the best of his skill and ability."

Whatever qualification may be implied by this phrase in respect to the obligation aasumed, it can not excuse the officer for a misapplication of the money. He is presumed to know the law and if he was in doubt he could easily have obtained an adjudication that would have protected him.

We are of the opinion the judgment is responsive to the merits and it will be affirmed.

*Judgment affirmed.*